# SMEJKAL, *Appellant,*
### *v.*
# RICE et al, *Respondents.*
## (TC 36-895, SC 25463)
582 P2d 2

Gary D. Rossi, of Stevenson, Rossi, Lesan & Johansen, Coos Bay, argued the cause and filed the briefs for appellant.

Mervin W. Brink, of Brink, Moore, Brink & Peterson, argued the cause and filed the brief for respondents.

Before Denecke, Chief Justice, and Tongue, Bryson and Linde, Justices.

TONGUE, J.

**TONGUE, J.**

This is an action for damages for timber trespass under ORS 105.810.[1] The case was tried before the court, sitting without a jury. Plaintiff appeals from a judgment against defendants in the sum of $840, despite testimony as to the amount and value of the timber cut by defendants which, as conceded by plaintiff, supported the entry of a judgment in that amount.[2]

Plaintiff recognizes the general rule that findings of fact by a trial court sitting without a jury will not be set aside on appeal if supported by any substantial evidence.[3] Plaintiff contends, however, that defendants' testimony was not "competent" because of "inconsistencies or contradictions" and the "presumption of adversity of inferior evidence." Plaintiff also contends that testimony offered by plaintiff as to the amount and value of such timber, which would support a judgment in the sum of $22,742.70, was the only "competent" evidence and should have been accepted by the trial court.

---

[1] ORS 105.810 provides:

"Except as provided in ORS 477.090, whenever any person without lawful authority, wilfully injures or severs from the land of another any produce thereof or cuts down, girdles or otherwise injures or carries off any tree, timber or shrub on the land of another person, or of the state, county, United States or any public corporation, or on the street or highway in front of any person's house, or in any village, town or city lot, or cultivated grounds, or on the common or public grounds of any village, town or city, or on the street or highway in front thereof, in an action by such person, village, town, city, the United States, state, county, or public corporation, against the person committing such trespasses if judgment is given for the plaintiff, it shall be given for treble the amount of damages claimed, or assessed for the trespass, in any such action, upon plaintiff's proof of his ownership of the premises and the commission by the defendant of any of the acts mentioned in this section, it is prima facie evidence that the acts were committed by the defendant wilfully, intentionally and without plaintiff's consent."

[2] For the decision by this court in a previous related case, *see Smejkal v. Rice,* 273 Or 687, 543 P2d 271 (1975).

[3] *See Hawkins v. Teeples and Thatcher, Inc.,* 267 Or 151, 157, 515 P2d 927 (1973), and *Community Bank v. Vassil,* 280 Or 139, 145, 570 P2d 66 (1977).

[ 135 ]

■■ Upon examination of the evidence offered by both parties, we find that there was competent evidence to support the findings by the trial court as to the amount and value of the timber cut by defendants and to support the judgment in the sum of $840. This evidence included the testimony of a witness called initially by the plaintiff and who also testified on behalf of the defendants. The trial court was entitled to believe the testimony of that witness. The trial court also was not required to believe the testimony of plaintiff himself, much as plaintiff may believe that his testimony was more credible.

The judgment of the trial court is affirmed.